**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

William R. Hawthorne, *et al.*,

    Plaintiffs,

        v.                            Case No. 1:18cv813

DaVita, Inc., *et al.*,                     Judge Michael R. Barrett

    Defendants.

## OPINION & ORDER

This matter is before the Court upon the Motion for Judgment on the Pleadings filed by Defendants DVA Healthcare - Southwest Ohio, LLC and DaVita Inc. (Doc. 6). Plaintiffs have filed a Response in Opposition (Doc. 7); and Defendants filed a Reply (Doc. 10).

## I.    BACKGROUND

Defendants provide dialysis services. (Doc. 5, ¶ 2). Plaintiff William Hawthorne was a patient at one of Defendants' dialysis treatment facilities. (Id.) Plaintiff Evelyn Hawthorne is the wife of William Hawthorne. (Id., ¶ 5). As part of the dialysis treatment, patients are weighed before and after dialysis to measure fluid levels in the patients' bodies. (Id., ¶ 6). After his dialysis treatment on December 16, 2017, William Hawthorne fell while he was getting off the scale. (Id., ¶ 11). William Hawthorne fractured his left hip in the fall. (Id.) Because William Hawthorn walked with the assistance of a walker, a nurse or staff person normally assisted him to or from the scale. (Id., ¶ 7, 8). However, on this day, no one helped him. (Id.) As a result of his injury, William Hawthorne required surgery and a sixty-day stay in a rehabilitation center. (Id.

¶, 12).

Defendants removed this case from the Hamilton County Court of Common Pleas to this Court based on diversity jurisdiction. (Doc. 1). Plaintiffs bring the following claims against Defendants: (1) negligence and vicarious liability; (2) loss of consortium; and (3) punitive damages. Along with their Complaint, Plaintiffs filed the affidavit of nurse Patricia J. West, RN, BSN, PSN, MBA/HCM, CHN, LNC. (Doc. 1-1, PAGEID# 13).

## II.  ANALYSIS

### A.  Motion for Judgment on the Pleadings

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

Defendants move to dismiss Plaintiffs' Complaint for failing to comply with Ohio Rule of Civil Procedure 10(D)(2), which requires that every complaint containing a medical claim must include an affidavit of merit from an expert witness. *See Troyer v. Janis*, 132 Ohio St. 3d 229, 230, 971 N.E.2d 862, 863 (Ohio 2012).[1]  A "medical claim,"

---

[1]The Rule provides in relevant part:

(2) Affidavit of Merit; Medical, Dental, Optometric, and Chiropractic Liability Claims.

(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary

is defined as:

> any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

Ohio Rev. Code § 2305.113(E)(3)(b).   The Ohio Supreme Court has held that dismissal without prejudice is the proper remedy when the plaintiff fails to include an affidavit of merit.   *Fletcher v. Univ. Hosp. of Cleveland*, 120 Ohio St.3d 167, 897 N.E.2d 147 (Ohio 2008).

However, federal district courts in Ohio have held that the requirements of Ohio Civil Rule 10(D)(2)) do not apply in federal court.   As our sister court in the Northern District of Ohio has recently explained:

> There is a split in authority as to whether an affidavit of merit is required under Ohio Civ. R. 10(D)(2) to proceed in federal court.   Some cases have found the Rule to be substantive and therefore required.   *See*, *e.g.*, *Gallivan v. United States*, No. 18-545, 2018 WL 4145012 (N.D. Ohio Aug. 30, 2018) (Pearson, J.); *Cross v. Marietta Opco, LLC*, No. 18-820, 2018 WL 5650013, at *2 (S.D. Ohio Oct. 31, 2018) (Sargus, J.).   Others have found the Rule to be procedural and in conflict with the Federal Rules of Civil Procedure.   *See*, *e.g.*, *Beair v. Ohio Dep't of Rehab.*, 156 F. Supp. 3d 898, 906 (N.D. Ohio 2016) (Carr, J.); *Larca v. United States*, 302 F.R.D. 148, 157-60 (N.D. Ohio 2014) (Lioi, J.).   The issue is now on appeal to the Sixth Circuit.   *Gallivan v. United States*, No. 18-3874 (6th Cir.).

*Belfance v. Barry*, No. 5:18CV1739, 2019 WL 997103, at *3, n.3 (N.D. Ohio Mar. 1, 2019).

Setting aside the question of whether an affidavit of merit is required *at all* in federal

---

to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D).   . . .

Ohio Civ. R. 10(D)(2)).

court, the Court turns to questions of whether an affidavit of merit was required in *this case*; and if one was required, does the affidavit of nurse Patricia West satisfy the requirements of Ohio Civil Rule 10(D)(2).

Plaintiffs argue that their claims fall within the "common knowledge exception." "Under this exception, matters of common knowledge and experience, subjects which are within the ordinary, common and general knowledge and experience of mankind, need not be established by expert opinion testimony." *Ramage v. Cent. Ohio Emergency Serv., Inc.*, 64 Ohio St. 3d 97, 103, 592 N.E.2d 828, 833 (Ohio 1992). However, as one Ohio court has explained:

> Relatively few courts in Ohio have found the common knowledge exception applicable so as to obviate the need for expert witness testimony on the malpractice issue. While no general rule can be stated, those cases seem to deal with instances of gross inattention to plaintiff's needs when it was obvious that plaintiff needed attention. *See Jones v. Hawkes Hosp. of Mount Carmel* (1964), 175 Ohio St. 503, 26 O.O.2d 170, 196 N.E.2d 592 (delirious pregnant woman who had attempted to climb out of bed several times was left unattended by nurse); *Urdang v. Mahrer* (App.1959), 81 Ohio Law Abs. 23, 158 N.E.2d 902 (seventy-six-year-old woman was left unattended in lavatory and injured herself trying to get out after crying out for help several times); *Wharton v. Long* (App.1934), 18 Ohio Law Abs. 147 (doctor failed to attend to a minor boy who, when taken home after adenoid and tonsil surgery, vomited blood and had a high fever). *See, also*, Annotation, Necessity of Expert Evidence to Support an Action for Malpractice Against a Physician or Surgeon (1962), 81 A.L.R.2d 597.

*Buerger v. Ohio Dep't of Rehab. & Corr.*, 64 Ohio App. 3d 394, 399, 581 N.E.2d 1114, 1117 (1989); *see also LaCourse v. Flower Hosp.*, 2002 WL 1729897 (Ohio Ct. App. 2002) (expert testimony not required regarding whether a caretaker charged with the safety of a 70 year old, 270 pound woman who is paralyzed on her left side violates the caretaker's duty of care when he or she positions the patient supported wholly by a walker and leaves the room because the conduct at issue is clearly within the common knowledge and

experience of jurors).[2]   In other words, a claim that relies on the common knowledge exception involves "negligence in a medical context that does not rely upon a lapse in the professional skills and judgment of medical personnel, but relates to actionable conduct that would lie within the common knowledge of and experience of a layperson." *Franks v. Ohio Dep't of Rehab. & Corr.*, 2013 WL 1632101, *2 (Ohio Ct. App. 2013).

This Court finds that Plaintiffs' claims are primarily claims of ordinary negligence. It was obvious that William Hawthorne needed attention because he walked with the assistance of a walker, and a nurse or staff person normally assisted him to or from the scale.   Based on the allegations in the Complaint, the proximate cause of his injuries was his fall.   However, part of the allegations in this case rely on "the professional skill and judgment of the nurses—matters not within the common knowledge and experience of the jurors." *Ramage*, 64 Ohio St. 3d 97, 104, 592 N.E.2d 828, 834.   Plaintiffs allege that:

> 17. DaVita by and through its nurses and staff, was negligent and deviated from the standard of care in failing to assist Plaintiff William Hawthorne when he was being weighed and getting on and off the scale. The failure of the nurses and staff to assist William Hawthorne allowed him to fall and break his hip.
>
> 18. DaVita by and through its nurses and staff was negligent and deviated from the standard of care by failing to adequately monitor William Hawthorne since he had just completed a dialysis treatment and his blood pressure reading was considerably lower than prior to treatment.
>
> 19.DaVita by and through its nurses and staff was negligent in assessing and documenting William Hawthorne's condition after dialysis and after the fall.

---

[2]The Court also notes that Ohio courts have found there is no "medical claim" in cases where the patient's injury did not occur during the course of receiving medical diagnosis, care, or treatment. *Conkin McDill v. Sunbridge Care Ents., Inc.*, 2013 WL 1716748, *5 (Ohio Ct. App. 2013) (collecting cases)   Accordingly, there was no medical claim where a patient was in the process of being transported to the bathroom to engage in an everyday, routine function—such as showering and using the bathroom—when the injury occurred.   *Id.*

(Doc. 5).   As to these allegations, a qualified expert is required to opine on the standard

of care as required by Ohio Civil Rule 10(D)(2).

Therefore, the question then becomes whether the affidavit of nurse Patricia West

satisfies the requirements of Ohio Civil Rule 10(D)(2).   As one Ohio court has explained:

> Currently, there is some disagreement among Ohio courts concerning whether a nurse's affidavit is sufficient to withstand a challenge under Civ.R. 10(D)(2).   *Compare Tranter v. Mercy Franciscan Hosp. W. Hills*, 1st Dist. Hamilton No. C-061039, 2007-Ohio-5132, 2007 WL 2812912, ¶ 11 [yes— because while nursing expert was "arguably" not competent to establish that injuries had caused decedent's death, she was qualified to state that "nurses' alleged breach of duty had 'caused injury to the plaintiff' within the meaning of Civ.R.10(D)(2)(iii)"], *with Chalmers v. HCR ManorCare, Inc.*, 2017-Ohio-5678, 93 N.E.3d 1237, ¶ 42–48 (6th Dist.) (no—but a trial court errs if it grants summary judgment on this point and dismisses an action without providing the plaintiff with an opportunity to cure the defect).

*Howard v. HCR ManorCare, Inc.*, 99 N.E.3d 429, 437 (Ohio Ct. App. 2018).   Here, nurse

Patricia West states in her affidavit that:

> Mr. Hawthorne had just completed a dialysis treatment, and his blood pressure reading was considerably lower than prior to the treatment. This alone would require staff to monitor him further and assist him while being weighed. It was below the standard of care for DaVita staff to allow Mr. Hawthorne to ambulate by himself to the scale, weigh himself, and get off the scale by himself, knowing his blood pressure had been low at the end of the dialysis treatment.   He clearly required stand-by assist at the least.
>
>  . . .
>
> Based upon my personal knowledge, education, training, experience and expertise, it is my opinion based on reasonable medical certainty that DaVita's nursing staff and its management failed to exercise the level of skill, knowledge and care in the treatment of Mr. Hawthorne that other chronic hemodialysis facilities would reasonably be expected to possess and use under these circumstances when weighing a patient post dialysis, and in particular one that is elderly, frail, needs an assistive device to ambulate and had hypotension at the end of a dialysis treatment.
>
> To a reasonable degree of medical and nursing certainty, the lack of care administered to Mr. Hawthorne was both reckless, and negligent. It was far

6

below the standard of care and was a proximate cause of his hip fracture and resultant pain, suffering and need for additional custodial care.

(Doc. 1-1, PAGEID# 15-16).   The Court concludes that nurse Patricia West is qualified to express the opinion that the lack of care administered to Mr. Hawthorne was below the standard of care and was a proximate cause of his hip fracture.   *Accord Carte v. The Manor at Whitehall*, 2014 WL 7274801, *7 (Ohio Ct. App. 2014) ("Although Nurse Budge is arguably not competent to establish that the subarachnoid hemorrhage caused Carte's death after the fall, she was qualified to express the opinion that the staff's alleged breach of duty had 'caused injury to the plaintiff' within the meaning of Civ.R. 10(D)(2)(iii).").

Therefore, to the extent that Plaintiffs are required to comply with Ohio Rule of Civil Procedure 10(D)(2) in federal court, Plaintiffs have satisfied that requirement, and dismissal is not warranted.

## III.   CONCLUSION

Based on the foregoing, the Motion for Judgment on the Pleadings filed by Defendants DVA Healthcare - Southwest Ohio, LLC and DaVita Inc. (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

_____ */s/ Michael R. Barrett* _____
Michael R. Barrett, Judge
United States District Court
